## McLendon *vs.* Stokes.

Where certain land sued for was described as being in the second and third districts of Lee county, and the deed under which it was claimed described it in the same way, but testimony was introduced to show that the land was in Terrell county, which had been made, in large part, from Lee county, and on the trial, the record of the setting apart of a homestead was offered in evidence, which contained the plat of the county surveyor, showing the lands set apart as being lots numbers 33 and 34 in the sixth district of Terrell county, and lot number 33 of the second district, while the description in the surveyor's affidavit stated them as being in the second and third districts of Lee county, the land embraced in the homestead was sufficiently identified as being that in controversy, and it was error to reject the record of the setting apart of the homestead from evidence.

April 27, 1886.

Evidence. Homestead. Auditors. Before Judge FORT. Terrell Superior Court. November Term, 1885.

Several cases between G. M. Stokes and Mrs. N. A. E. McLendon were pending, on complaint for land, proceedings against a tenant holding over, and a bill in equity. The litigation was referred to a master in chancery, and to his report, exceptions were filed, which, by agreement, were submitted to the presiding judge for decision. One issue was over the title to certain land which had been set apart as a homestead to Martin McLendon, and afterwards sold by him and his wife (the defendant) to Stokes. He claimed that he owned the land, and that McLendon

was his tenant up to the time of his death and his wife since. She denied this, and claimed the property as a homestead.

Stokes stated that he knew the land in dispute ; that it lay in Terrell county; that there were no lots of those numbers in Lee county, but that it was originally in Lee. It was admitted that the land in dispute was in Terrell county.

The defendant offered in evidence the record of a homestead granted 1868. In the plat made by the surveyor, the land was described as lots numbers 33 and 34 in the 6th district, and number 33 in the 2d district of Terrell county. In the surveyor's affidavit, the land was described as in Lee county. The record was objected to on that ground, and also because the petition failed to describe any land out of which the homestead should be set apart. The master rejected this evidence, and the exception to this ruling was the controlling point in the case.

The presiding judge, on demurrer, overruled the exceptions to the master's report, and the defendant excepted.

D. A. VASON, by brief; SIMMONS & GUERRY, for plaintiff in error.

HAWKINS & HAWKINS ; E. G. SIMMONS ; J. G. PARKS, for defendant.

BLANDFORD, Justice.

This case arises upon exceptions filed to an auditor's report.

The court below sustained the report of the auditor, and overruled the exception of the plaintiff in error thereto.

The principal ground of exception upon which error is assigned is that the auditor rejected the record of the homestead of Martin McLendon as the head of a family, which contained the surveyor's plat of the lands assigned and set apart as a homestead. The plat shows lot No. 34, 6th

district, Terrell, 202½ acres; lot No. 33, 6th district, Terrell, 123 acres, and lot No. 33, 2d district. In the surveyor's description in his affidavit, they are described as being in the 3d and 2d districts of Lee. The land sued for is described the same way. The deed from Martin McLendon and his wife to Stokes describes the land as being in the 3d and 2d districts of Lee, and Stokes testifies that the land is in Terrell county, that county having been made from Lee in great part. So we think the land set apart as a homestead, and embraced in the record of homestead, is the same land in controversy. The application for homestead is in compliance with the act of 1868, and we think the auditor erred in not admitting the homestead record in evidence, and that the court erred in not sustaining the exception to the report on this ground, and setting aside the report, as the same is almost entirely based on this erroneous ruling of the auditor. As what we have said will control the case in its present aspect, it is unnecessary to notice the other assignment of error in this case.

Judgment reversed.